# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00151-MR
# CRIMINAL CASE NO. 1:02-cr-00089-MR-1

| | |
|---|---|
| GREGORY ALLEN OAKS, ) )| |
| Petitioner, ) ) | |
| vs. ) ) | O R D E R |
| UNITED STATES OF AMERICA, ) ) | |
| Respondent. ) ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 5].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), use and carry a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). [CR

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-00151-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:02-cr-00089-MR-1.

Doc. 67]. The presence report noted that Petitioner had at least two prior qualifying convictions – including Tennessee convictions for aggravated assault, aggravated robbery, misdemeanor assault and battery, and felony escape, and a North Carolina conviction for assault with a deadly weapon inflicting serious injury -- that triggered both the Career Offender enhancement under § 4B1.2 of the Sentencing Guidelines and the Armed Career Criminal enhancement pursuant to § 4B1.4. The Court sentenced Petitioner as an Armed Career Criminal to a total term of 384 months' imprisonment. [Id.].

On June 6, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Petitioner contends that, in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), his prior Tennessee convictions for aggravated assault, aggravated robbery, misdemeanor assault and battery, and felony escape, and his prior North Carolina conviction for assault with a deadly weapon inflicting serious injury no longer qualify as "crimes of violence" under the Guidelines. [Id. at 6]. Consequently, Petitioner argues his designation as an Armed Career Criminal and/or Career Offender is improper and, thus, his sentence is unlawful. [Id.].

In response to the petition, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 5]. The government notes that this case will be affected by the Supreme Court's decision next Term in <u>Beckles v. United States</u>, 616 Fed. Appx. 415 (11th Cir.), <u>cert. granted</u>, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [<u>Id.</u> at 2]. One of the questions presented in <u>Beckles</u> is whether <u>Johnson</u> applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in <u>Johnson</u> is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 5], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in <u>Beckles</u>. Thereafter, the government shall have 60 days from the date the Supreme Court decides <u>Beckles</u> within which to file its response in this matter.

**IT IS SO ORDERED.**   Signed: September 15, 2016

Martin Reidinger
United States District Judge